FILED
CLERK, U.S. DISTRICT COURT
July 28, 2026
CENTRAL DISTRICT OF CALIFORNIA
BY: iv DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,
Plaintiff,
v.
RAUL LUNA,
Defendant.

Case No. 2:26-mj-04392

**ORDER OF DETENTION**

[18 U.S.C. §§ 3148(b), 3143(a)]

On July 27, 2026, Defendant Raul Luna made his initial appearance following his arrest on a bench warrant issued in the Southern District of California. Defendant submitted on the detention recommendation in the Pretrial Services Report.

The Court has reviewed the files and records in this matter, including the report prepared by the U.S. Pretrial Services Agency on July 27, 2026, and its recommendation of detention.

The Court has considered the allegations of Defendant's noncompliance with the conditions set for pretrial release (commission of a new law violation

while on supervision) as alleged in the petition for action on conditions of pretrial release and warrant for arrest.

The Court finds, pursuant to 18 U.S.C.§ 3148(b), as follows:

1. Probable cause to believe that Defendant has committed a Federal, State, or local crime while on release. Thus, there is a rebuttable presumption that no condition or combination of conditions will assure that defendant will not pose a danger to the safety of any other person or the community if released and Defendant has failed to rebut the presumption.

and

2. Clear and convincing evidence that Defendant has violated the conditions of his release.

Having considered the factors set forth in 18 U.S.C. §3142(g), the court finds that there is no longer is any condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger to the community or to others if allowed to remain on bail pending future court proceedings.

The Court finds that there is now a change in circumstances which justifies reconsideration of the decision to allow Defendant to remain on release. The Court now finds that, under the current circumstances, clear and convincing evidence does not exist to show that the defendant is not likely to flee or pose a danger to the community or to others if allowed to remain on bail.

IT THEREFORE IS ORDERED that defendant is remanded to the custody of the United States Marshal to be transported to the United States District Court for the Southern District of California for further proceedings.

Government counsel is directed to follow up with government counsel in the charging district regarding the Defendant's next scheduled

appearance, and the status of the Defendant's transportation to, and arrival in, the charging district for the appearance.

The Defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined will deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. *See* 18 U.S.C. § 3142(i).

Dated: July 28, 2026

Patricia Donahue

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE